*1126 ON REMAND FROM THE UNITED STATES SUPREME COURT
PATTERSON, Judge.
On May 16, 1988, the United States Supreme Court granted Alonzo Houston’s petition for writ of certiorari and ordered that our affirmance of Houston’s conviction be vacated and that the cause be remanded to this court for “further consideration in light of the position presently asserted by the Attorney General of Alabama in his motion filed April 14, 1988.” — U.S. -, 108 S.Ct. 1724, 100 L.Ed.2d 189. In his motion, the Attorney General requests that this cause be remanded for reconsideration in light of Ex parte Branch, 526 So.2d 609, modified on reh’g (Ala.1987).
Accordingly, our judgment of December 30, 1986, is vacated, and this cause is remanded for reconsideration in light of Ex parte Branch. Upon remand, the trial court is instructed to make findings of fact and conclusions of law, and to make a return to this court.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS. ‘
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
In accordance with the order of the United States Supreme Court, dated May 16, 1988, we remanded this case to the trial court with instructions to vacate appellant’s conviction and to consider the case further in the light of the state’s motion of April 14, 1988. The state’s motion, filed in the United States Supreme Court requested that the case be remanded for reconsideration in light of Ex parte Branch, 526 So.2d 609 (Ala.1987) (as modified on rehearing).
A return to our remand was filed on August 15, 1989. The return reflects that the trial court vacated the conviction and sentence of life imprisonment without parole for robbery in the first degree on September 23, 1988, in accordance with our instructions. The record further reflects that on that date, appellant pleaded guilty to the lesser offense of robbery in the third degree and was sentenced to life imprisonment. It, thus, appears that this appeal is moot, and due to be dismissed.
APPEAL DISMISSED.
All Judges concur.